```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   ATHENS DIVISION
```

THE TURFGRASS GROUP, INC., and       *
UNIVERSITY OF GEORGIA RESEARCH
FOUNDATION, INC.,                    *

    Plaintiffs,                     *       CASE NO. 3:09-CV-125 (CDL)

vs.                                  *

CAROLINA FRESH FARMS, INC.,          *
CAROLINA FRESH FARMS, LLC f/k/a
Carolina Fresh Farms, Inc., and      *
JOHN A. FOGLE, SR.,
                                     *
    Defendants.
                                     *

## O R D E R

This action arises from Defendants' alleged infringement of Plaintiffs' exclusive rights in the Plant Variety Protection Certificate to a certain variety of centipede turfgrass. Plaintiffs assert federal law claims against Defendants pursuant to the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Defendants seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3), contending that venue is improper in the Athens Division of the Middle District of Georgia. In the alternative, Defendants contend that this action should be transferred to the Orangeburg Division of the District of South Carolina for convenience of the parties and witnesses. For the following reasons, the Court finds that venue is not proper in this Court. Rather than dismissing this action for improper venue, the

Court transfers this action to the Orangeburg Division of the District of South Carolina pursuant to 28 U.S.C. § 1406(a) because venue is proper there and such transfer is in the interest of justice. Accordingly, Defendants' motion (Doc. 8) is granted to the extent that Defendants seek a transfer of this action to the District of South Carolina.[1]

## BACKGROUND

**I.  The Parties**

Plaintiffs The Turfgrass Group, Inc. ("Turfgrass") and University of Georgia Research Foundation, Inc. ("UGARF") filed this action in the Athens Division of the Middle District of Georgia against Defendants Carolina Fresh Farms, Inc., Carolina Fresh Farms, LLC, and John Anthony Fogle II.[2]  UGARF is a Georgia non-profit corporation with its principal office in Athens, Georgia, located within the Middle District of Georgia.  (Compl. ¶ 3.)  Turfgrass is a Georgia corporation with its principal place of business in Bartow County, Georgia, located within the Northern District of Georgia.

---

[1] The Court notes that Defendants sought a transfer pursuant to 28 U.S.C. § 1404(a), which authorizes a transfer for convenience of the parties and witnesses.  This type of transfer is only available if venue is also proper in the transferor forum, which it is not in this case. Therefore, although the Court is granting Defendants the relief they seek, it is being granted for a reason different than the one asserted by them.

[2] John Anthony Fogle II was misidentified in Plaintiffs' Complaint as John A. Fogle, Sr.  (Ex. 1 to Defs.' Mot. to Dismiss or in the Alternative to Transfer Venue [hereinafter Defs.' Mot.], Fogle II Aff. ¶ 1, Dec. 7, 2009.)

2

(*Id.*) Defendants reside in Neeses, South Carolina, which is located within the Orangeburg Division of the District of South Carolina. Defendants produce, sell, and distribute centipede grass. (*Id.* ¶ 4.)

## II. Plaintiffs' Allegations

The United States Department of Agriculture, Agriculture Research Service ("USDA-ARS") was issued Plant Variety Protection Certificate Number 9600255 ("PVP"), which protected the centipede grass known and identified as TifBlair. (*Id.* ¶ 8; *see* Ex. B to Compl., Application for Plant Variety Protection Certificate Number 9600255.) Subsequently, USDA-ARS issued a license to UGARF, granting it exclusive PVP rights in TifBlair. (Compl. ¶ 9; *see* Ex. C to Compl., License Agreement.) UGARF then entered into a Seed Supply and Sublicense Agreement with Turfgrass, licensing the PVP to Turfgrass and granting Turfgrass the exclusive right to market and sell TifBlair worldwide. (Compl. ¶ 10; *see* Ex. D to Compl., Seed Supply & Sublicense Agreement.) Under the terms of the Seed Supply and Sublicense Agreement, TifBlair could be grown, offered for sale, marketed, or sold only by Turfgrass or with its permission. (Compl. ¶ 11.) Turfgrass owned and used the trademark TifBlair to identify and distinguish its company's centipede grass from other products. (*Id.* ¶¶ 11-12; *see* Ex. E to Compl., TifBlair Trademark.) Plaintiffs allege that Defendants marketed, offered for sale, and sold TifBlair without Turfgrass's authority, thus infringing upon Plaintiffs'

3

exclusive rights in the PVP and trademark. (Compl. ¶¶ 14-15.) As a result of Defendants' alleged infringing acts, Plaintiffs bring federal law claims under the Plant Variety Protection Act and the Lanham Act. (*Id.* ¶¶ 19-29.)

In addition to Plaintiffs' federal law infringement claims, Turfgrass brings a state law breach of contract claim against Defendants. (*Id.* ¶¶ 30-33.) Turfgrass alleges that it granted Defendants permission to use TifBlair's trademark in connection with the sale and marketing of Turfgrass's products, but only under conditions expressly agreed to by the parties in their contract. (*Id.* ¶ 17; *see* Ex. A to Compl., Sublicense Agreement.) Turfgrass further alleges that Defendants breached the contract by, among other things, failing to mark all shipments of TifBlair with the appropriate certification tags, failing to pay royalties, and failing to destroy their fields as required under the terms of the Sublicense Agreement. (Compl. ¶ 32.) In their Complaint, Plaintiffs do not allege that TifBlair was sold without authorization in Georgia or in any counties comprising the Athens Division of the Middle District of Georgia.

DISCUSSION

Defendants contend that this action should be dismissed pursuant to Rule 12(b)(3) because venue is not proper in the Middle District of Georgia under 28 U.S.C. § 1391. In any action where jurisdiction

4

is not founded solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiffs argue that venue is proper in this district because a substantial part of the events or omissions giving rise to their claims occurred here. Defendants maintain that the events and/or omissions relied upon by Plaintiffs in support of venue are not sufficiently substantial to establish venue.

In assessing whether a substantial part of the events or omissions giving rise to the claim occurred in a particular judicial district, courts should consider "only those acts and omissions that have a close nexus to the wrong[.]" *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (interpreting similar language in § 1391(a)(2) which applies to cases brought on basis of diversity). "Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* at 1371.

5

In this case, the events giving rise to Plaintiffs' infringement claims occurred in the state of South Carolina. Defendants produced and harvested the centipede grass there, and all of Defendants' sales of centipede grass originated from South Carolina. (Fogle II Aff. ¶ 3 ("All centipede turfgrass sod is grown and sold exclusively from fields and lands located in or around the town of Neeses, South Carolina or Orangeburg County, South Carolina. We have no farms in Georgia."); *see id.* ¶ 5 ("Most of our turfgrass sod, especially centipede grass, is sold and marketed to customers in South Carolina."); *accord* Ex. 2 to Defs.' Mot., Fogle Aff. ¶¶ 4-5, Dec. 7, 2009.) None of the activities that allegedly violated Plaintiffs' rights under the Plant Variety Protection Act or the Lanham Act occurred in the Middle District of Georgia. Likewise, the events giving rise to Turfgrass's breach of contract claim also occurred in South Carolina, not Georgia. The Sublicense Agreement was signed by Mr. John Anthony Fogle II in Neeses, South Carolina, and all discussions and negotiations leading up to the signing of the Sublicense Agreement took place only in South Carolina. (Fogle II Aff. ¶ 4.) Furthermore, the alleged breaches of that Sublicense Agreement, which include Defendants' failure to maintain a certification of their fields, failure to sell TifBlair with certification tags, and failure to destroy their fields (Compl. ¶ 32), all occurred in South Carolina.

6

Plaintiffs argue that activities related to the issuance of the PVP certificate and the licensing rights to them support venue in this district. They maintain that "[w]ithout UGARF's ownership of the certificate and subsequently licensing the use of the protected plant variety to Turfgrass[,] there would have been no patent for [Defendants] to infringe." (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss or Transfer Venue [hereinafter Pls.' Resp.] 7 (internal citation omitted); *see id.* ("Obtaining the patent by UGARF and licensing the patent to Turfgrass are events that make up a substantial part of the events giving rise to the claim.").) Although the existence of the PVP certificate and the licensing rights is certainly necessary for Plaintiffs to pursue their claims, the Court finds that the mere existence of those rights, and their nexus to this forum due to Plaintiffs' residency here, are not such a substantial part of the events or omissions giving rise to Plaintiffs' claim to support venue in the Middle District of Georgia.

Plaintiffs also contend that Defendants' alleged failure to make certain payments and their travel to this district on one occasion to renegotiate certain terms of their Sublicense Agreement when a dispute arose over non-payment support venue here. (*Id.* at 7-8.) While Defendants' payments were to be mailed to Plaintiffs in Georgia, any failure to mail them occurred in South Carolina where Defendants reside. Furthermore, although the parties met in Georgia

7

on one occasion to renegotiate certain terms of the Sublicense Agreement, all of Defendants' alleged breaches occurred in South Carolina, and not in Georgia. The Court finds that the activities in this district are not sufficiently substantial for venue purposes. Finally, the Court rejects Plaintiffs' contention that the choice of law provision in the Sublicense Agreement establishes an agreed-upon forum in this district. That clause is clearly not a forum selection clause, and it thus does not authorize venue in this district by agreement.[3]

For the reasons previously explained, the Court finds that venue is improper in the Middle District of Georgia because an insubstantial part of the events giving rise to Plaintiffs' claims occurred here.[4] Venue would be proper, however, in the Orangeburg

---

[3] Plaintiffs alleged in their Complaint that venue is proper based on a choice of law provision in the Sublicense Agreement between Turfgrass and Defendants. (Compl. ¶ 2.) Article 13.1 of the Sublicense Agreement provided: "This Agreement and all amendments, modifications, alterations, or supplements hereto, and the rights of the parties hereunder, shall be construed under and governed by the laws of the State of Georgia applicable to agreements made and fully performed within the State of Georgia." (Sublicense Agreement 8.) That provision is restricted to the law that shall be applied and does not establish the forum where the matter shall be litigated.

[4] To the extent that Plaintiffs argue that the first prong of 28 U.S.C. § 1391(b) provides venue in the Middle District of Georgia (Pls.' Resp. 3-6), the Court rejects this argument. Plaintiffs seem to argue that the Court has personal jurisdiction over Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC, and therefore, these corporate Defendants are deemed to reside in Georgia for venue purposes under 28 U.S.C. § 1391(c), which provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." However, even assuming

8

Division of the District of South Carolina because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred there and because that is where Defendants reside. Therefore, instead of dismissing Plaintiffs' Complaint for improper venue, the Court directs the Clerk to transfer this action to the District of South Carolina, Orangeburg Division. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").[5]

CONCLUSION

Venue for this action is improper in the Middle District of Georgia. The Court transfers this action to the District of South Carolina, Orangeburg Division, pursuant to 28 U.S.C. § 1406(a).

---

*arguendo* that the Court has personal jurisdiction over Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC, and that these Defendants are deemed to reside in Georgia for venue purposes, Defendant Fogle, an *individual*, does not reside here. Therefore, since all Defendants do not reside in Georgia, venue cannot be based upon this prong of the venue statute.

[5]In light of this ruling, it is not necessary to rule on Defendants' alternative argument that this action should be transferred to the Orangeburg Division of the District of South Carolina for convenience pursuant to 28 U.S.C. § 1404(a), but the Court does observe that Defendants make a compelling argument that such a transfer would be appropriate if venue were proper in the Middle District of Georgia.

9

IT IS SO ORDERED, this 6th day of April, 2010.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE