THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc., | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 5:10-cv-00849-JMC |
| v. | ) ) **OPINION AND ORDER** ) |
| Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr., | ) ) ) ) |
| Defendants/ Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| Zelotis Wofford and Billy Self, | ) ) |
| Third-Party Defendants. | ) ) |

This matter is before the court on Plaintiffs The Turfgrass Group, Inc. ("Turfgrass") and University of Georgia Research Foundation, Inc.'s ("UGARF," and collectively "Plaintiffs") Motion for Partial Summary Judgment as to Liability Against Defendant Carolina Fresh Farm [Dkt. No. 148]. For the following reasons, the court denies Plaintiffs' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns Plaintiffs' claims against Defendants Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc.( "Carolina Fresh") and John A. Fogle, Sr. for violation of the Plant Variety Protection Act (the "PVPA"), 7 U.S.C. § 2541, *et seq*.; the Lanham Act, 15 U.S.C. §1125; and for state law breach of contract arising from Turfgrass and Carolina Fresh's agreement for the sale of a certified variety of centipede grass called TifBlair. TifBlair is

1

certified under the PVPA as a distinct variety of centipede grass by the United States Department of Agriculture, Agricultural Research Service (the "USDA"). The USDA issued Plaintiff UGARF a license for TifBlair, which it sublicensed to Turfgrass. Pursuant to the sublicense between UGARF and Turfgrass, Turfgrass is allowed to enter into third-party agreements for the marketing, sale, and use of TifBlair.

In the late 1990s, Turfgrass entered into an agreement with Carolina Fresh that allowed Carolina Fresh to grow, market, and sale TifBlair grass under certain conditions. Those conditions included, *inter alia*, the maintenance of certain certification standards and the payment of royalties. The agreement remained in place until it was terminated by Turfgrass in November 2006.

Plaintiffs contend that, after Turfgrass terminated the agreement, Carolina Fresh sold TifBlair grass in violation of the PVPA, the Lanham Act, and in breach of the provisions governing the termination of the parties' agreement. Currently before the court is Plaintiffs' motion for partial summary judgment[1] as to Carolina Fresh's liability on these causes of action.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

---

[1] Defendants have also filed a Motion for Summary Judgment and a motion seeking to exclude Plaintiffs' expert witness, Donald Davis. This order only disposes of the issues raised in Plaintiffs' motion. The court will address Defendants' motions by separate order.

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

**PLANT VARIETY PROTECTION ACT**

The PVPA provides patent like protections to developers of certain new and distinct asexually reproduced plant varieties. *See* 35 U.S.C.A. § 161 *et seq.* The owner of a PVPA may prevail on a cause of action for infringement by demonstrating that the alleged infringer (1) sold or marketed the protected variety; (2) imported or exported it; (3) multiplied or propagated it "for growing purposes"; (4) used it to produce "a hybrid or different variety"; (5) used its specifically marked seed "or progeny thereof to propagate the variety"; (6) dispensed it "to another, in a form which can be propagated, without notice as to being a protected variety under which it was

3

received"; (7) conditioned it "for the purpose of propagation," except as to certain activities permitted under the Act; or (8) stocked it for an impermissible purpose under the Act. 7 U.S.C. § 2541(a).

Viewing the facts in the light most favorable to the non-moving party, Carolina Fresh, the court finds that Plaintiffs have failed to demonstrate that there are no genuine issues of material fact as to their PVPA claim, and Plaintiffs are not entitled to judgment as a matter of law. Among other issues, the court notes that there is a genuine issue of material fact as to whether the remaining inventory sold by Carolina Fresh after the termination of the agreement was the "protected variety" given that the agreement was terminated, at least in part, for Carolina Fresh's alleged failure to maintain certified TifBlair fields. Additionally, even assuming the remaining inventory qualified as the "protected variety," there is a genuine dispute of material fact as to whether and how Carolina Fresh was authorized to dispose of it under the agreement post-termination. Therefore, the court may not grant summary judgment in favor of Plaintiffs on their PVPA claim.

**LANHAM ACT**

In this case, Plaintiffs' Lanham Act claim rests on the false advertising provisions of the Lanham Act. *See* Plaintiffs' Memorandum Brief in Support of Motion for Partial Summary Judgment, at 15 [Dkt. No. 148-3].

> [A] plaintiff asserting a false advertising claim under the Lanham Act must establish that: (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation,

4

> either by direct diversion of sales or by a lessening of goodwill associated with its products.

*PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 120 (4th Cir. 2011) (internal citations and quotation marks omitted). "For liability to arise under the false advertising provisions of the Lanham Act, 'the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context.'" *Id*.

    The court finds that Plaintiffs have failed to demonstrate that there are no genuine issues of material fact as to their Lanham Act claim, and Plaintiffs are not entitled to judgment as a matter of law. Plaintiffs' claims are centered on Carolina Fresh's continued use of marketing materials describing TifBlair grass after termination of the agreement to promote Carolina Fresh's Carolina Green grass simply by changing the name of the grass in the marketing materials. Plaintiffs contend that the descriptions used in the marketing materials for TifBlair through 2006 are particular to the properties of TifBlair grass and, by using the exact language and marketing materials for Carolina Green, Carolina Fresh violated the Lanham Act causing confusion in the marketplace regarding the attributes and quality of TifBlair versus Carolina Green grasses. Through the Rule 30(b)(6) deposition testimony of Carolina Fresh's representative, Plaintiffs presented an admission that Carolina Fresh did not develop any new variety of centipede grass and that Carolina Green was merely Carolina Fresh's branding name for common centipede. While this testimony arguably eliminates any factual dispute as to the falsity of the statement in Carolina Fresh's brochures that "In 2007 Carolina Fresh is proud to introduce Carolina Green centipede, **a new variety developed** for improved . . ." [Dkt 148-5, at 19] (emphasis added), many of the other elements required to establish a Lanham Act violation

remain disputed when viewed in the light most favorable to Carolina Fresh. For example, there are genuine disputes of fact regarding the materiality of the representations, whether the representations were actually deceptive or tended to be deceptive, and whether Plaintiffs' injuries resulted from the representations. Particularly, the record reflects a genuine dispute concerning whether the language used in the marketing materials were unique to the properties of TifBlair such that the use of those terms would create confusion in the marketplace as compared to common centipede. Accordingly, Plaintiffs are not entitled to partial summary judgment on this claim.

**BREACH OF CONTRACT**

To recover for a breach of contract a plaintiff must demonstrate: (1) the existence of a binding contract entered into by the parties; 2) breach of the contract; and 3) damages directly and proximately caused by the breach. *Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962).

The court cannot grant Plaintiffs' request for partial summary judgment on their breach of contract claim because there is a genuine dispute of material fact as to whether Carolina Fresh breached the sub-license agreement at issue. Plaintiffs contend that Carolina Fresh violated ¶ 12.3 of the agreement, which provides:

> In the event this Agreement is terminated, Sublicensee shall destroy all production fields of Sublicensed Product and notify Sublicensor of such action. Sublicensee may continue to Sell in the ordinary course of business for a period of one (1) year after the termination date Sublicensed Product provided that royalties on such Sales and all other sums due hereunder are timely paid in the amounts and manner provided in this Agreement. Following such one (1) year period, all remaining production and Inventory of Sublicensed Product must be destroyed and verified by Sublicensor. In the event this Agreement is terminated for reason 12(1)(c), Sublicensee may sell existing inventory only into the generic trade as variety not stated and all Sublicensed Product material must be destroyed and verified by Sublicensor within one (1) year of termination. Notwithstanding

> anything herein to the contrary, upon termination of this Agreement for any reason, Sublicensee must pay all sums due to Sublicensor hereunder upon demand.

Plaintiffs assert that Carolina Fresh violated the agreement by failing to pay required royalties on sales of TifBlair made after the expiration of the agreement. Carolina Fresh admits that it did not pay royalties but asserts that it was not required to pay royalties because Plaintiffs terminated the sublicense agreement pursuant to provision 12(1)(c), which allows termination of the agreement for failure to meet certain certification requirements. Carolina Fresh contends that because it was not selling the grass as TifBlair, and therefore not as a "Sublicensed Product" as defined in the contract, it was not required to pay royalties. On this claim, the court notes that there is a genuine dispute of fact concerning whether Carolina Fresh complied with the terms of the agreement post-termination in the manner in which but harvested and sold the remaining inventory. Furthermore, there is a material dispute regarding the sales records as related to the remaining inventory and whether Plaintiffs may recover for sales recorded as "TifBlair" only, or also for sales recorded as "centipede" and "Carolina Green" based on Carolina Fresh's record keeping practices. Additionally, the court finds that there is an ambiguity in the language of the agreement as to the requirement for the payment of royalties. Therefore, summary judgment in favor of Plaintiffs is not appropriate on the breach of contract claim. *See Duncan v. Little*, 384 S.C. 420, 245, 682 S.E.2d 788, 790 (2009) ("where a contract is ambiguous, the fact finder must ascertain the parties' intentions from the evidence presented.").

## CONCLUSION

For the foregoing reasons,[2] the court **DENIES** Plaintiffs The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc.'s Motion for Partial Summary Judgment as to Liability Against Defendant Carolina Fresh Farm [Dkt. No. 148].

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

March 11, 2013
Orangeburg, South Carolina

---

[2] This order does not reflect all genuine issues of material fact which may support its ruling.