**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc., | ) ) ) |
| Plaintiffs, | ) Civil Action No. 5:10-cv-00849-JMC ) |
| v. | ) **OPINION AND ORDER** ) |
| Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr., | ) ) ) ) |
| Defendants/ Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| Zelotis Wofford and Billy Self, | ) ) |
| Third-Party Defendants. | ) ) |
| _____ | ) |

This matter is before the court on Defendants Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr.'s (collectively "Carolina Farms") Motion to Exclude Plaintiffs' Damages Expert, Donald Davis [Dkt. No. 146]. For the following reasons, the court grants Carolina Farms's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns Plaintiffs The Turfgrass Group, Inc. ("Turfgrass") and University of Georgia Research Foundation, Inc.'s (collectively, "Plaintiffs") claims against Carolina Fresh for violation of the Plant Variety Protection Act (the "PVPA"), 7 U.S.C. § 2541, et seq.; the Lanham Act, 15 U.S.C. §1125; and for state law breach of contract arising from Turfgrass and Carolina Fresh's agreement for the sale of a certified variety of centipede grass called TifBlair.

1

The motion currently before the court concerns Carolina Fresh's claims that Defendants' expert witness, Donald Davis, is not qualified to provide expert testimony in this case because he lacks the requisite qualifications and, further, that Davis's opinions are unreliable because he utilizes untested, novel theories in his damage analysis and relies upon hypothetical data so dissimilar from the factual circumstances of this case such that his opinions are merely subjective, speculative and conjectural. Carolina Fresh seeks the exclusion of Davis's testimony and opinions from consideration in this case.

## DISCUSSION

Under Federal Rule of Evidence 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. In determining the admissibility of expert witness testimony, the court must evaluate whether the testimony is reliable and relevant. In making this assessment, the court may consider the following factors, among other things: (1) whether a theory or technique can and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) a consideration of the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether there is "general acceptance" of the theory or technique within the relevant scientific community. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–95 (1993).

The focus of the court's Rule 702 analysis is on the manner in which the expert reached the conclusions and not on the actual conclusions reached. *Id.* at 595.

Carolina Fresh first attacks Davis's qualifications to serve as an expert witness. Essentially, Carolina Fresh asserts that Davis is incompetent as an expert witness in this case because he has little or no experience in agriculture, agribusiness, agricultural economics, or the turfgrass industry. Additionally, Carolina Fresh complains that Davis is only educated as a certified public accountant, has written no articles on the subject of his opinion, and has only recently begun rendering opinions in infringement cases handled by Plaintiffs' counsel.

The United States Court of Appeals for the Fourth Circuit has recently provided additional insight into the appropriate evaluation of an expert witness's qualifications. In *Belk, Inc. v. Meyer Corp.,* 679 F.3d 146, 162 (4th Cir. 2011), the Fourth Circuit held that an expert was properly qualified to render an opinion in a trade dress/trademark litigation matter despite the fact that the expert had not previously handled trade dress or trademark infringement matters. In it's analysis, the court noted "[i]n undertaking its role as gatekeeper. . . the district court must decide whether the expert has sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case. . . [and should] consider the proposed expert's full range of experience and training, not just his professional qualifications." *Id*. (internal citations and quotation marks omitted). Using this criteria, the Fourth Circuit found the expert's education, teaching, research and consulting activities, properly qualified him as an expert in marketing, consumer behavior, and evaluative studies. *Id*. The court further commented that the expert had some understanding of the specific issues raised in the case, and that any attack on the sufficiency of that knowledge was more appropriately left to cross-examination. *Id.* at 162-63.

3

Davis's expert report and curriculum vitae reflects that he is a certified public accountant with over twenty years of experience. He has participated in many litigation matters, providing research, financial analysis, and expert opinions concerning damages in various subjects including the PVPA. Although he only notes one instance in which he has provided expert testimony in a PVPA matter concerning wheat seed, it appears that he has also provided testimony on damages issues in bankruptcy proceedings and litigation over non-competition agreements. In preparation for rendering his opinion in this case, Davis's report reflects that he reviewed relevant federal statutes, articles discussing the calculation of intellectual property infringement damages, a study on projected costs and returns from centipede sod production, and case law. Based on the *Daubert* standard as interpreted in *Belk* and upon review of the record, the court finds Davis to be qualified to render an expert opinion on damages in this case.

Carolina Fresh further attacks the reliability of Davis's opinions. Significantly, Carolina Fresh contends that Davis's method for formulating his opinion has no accepted scientific or factual basis and is directly contrary to established law. An expert opinion is reliable only when it is based on scientific, technical, or other specialized knowledge derived using scientific or other valid and accepted methods. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir.1999). The opinion will not be considered reliable where it is premised on mere conjecture, belief or speculation, and unsupported inferences. *Id.* Generally, "[w]hile there will be occasions when the proffered [opinion] is so flawed as to be completely unhelpful to the trier of fact and therefore inadmissible, such situations will be rare." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 123 (4th Cir. 2011) (internal quotation marks omitted). "[T]he court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will

4

depend upon the unique circumstances of the expert testimony involved." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir.1999). "[I]f an expert utterly fails to consider alternative causes or fails to offer an explanation for why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001) (citing *Westberry*, 178 F.3d at 265-66)) .

Here, Davis renders his opinion that Plaintiffs are entitled to damages measured as a royalty rate equal to fifty-three percent (53%) of the retail selling price of the TifBlair grass for a total monetary damages amount of $2,486,125.35.00. In determining this damage amount, Davis noted that the prior agreement between the parties established a royalty rate for TifBlair at seven percent (7%). However, Davis opined that this established rate would not be applicable in this case because the parties were no longer operating pursuant to a negotiated agreement, and instead, opined that Carolina Fresh's alleged infringement resulted in a "compulsory" or "forced" licensing arrangement which justified a royalty adjustment. In his deposition, Davis testified that his opinion on the royalty adjustment was based on the factors established in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 243 F. Supp. 500 (S.D.N.Y 1965). However, Davis also testified that he added an additional factor in his royalty rate determination - the consideration of a rate to account for the disgorgement of the infringer's profits. Davis acknowledged that the addition of this factor had no basis in established authority or methodology and was merely his subjective opinion. Additionally, Davis's opinion is predominantly based on a study of a fictional centipede sod farm conducted by Louisiana State University which does not include any adjustments for relevant economic circumstances. In his deposition, Davis acknowledged that he had not reviewed any data concerning Carolina Fresh's operations and had not accounted for any economic circumstances relevant to centipede sod

production and sales during the years in which he calculated his projections. Based on this record, the court finds this one of the rare circumstances in which the proffered opinion is so flawed as to provide little help to the trier of fact. The record reflects that Davis's opinion is not based on accepted methodology, has not been subjected to peer review or publication, and has not been generally accepted within the relevant scientific community. Furthermore, Davis's opinion has little or no basis in the actual facts of this case. Accordingly, the court finds his opinion unreliable and, therefore excluded.

## CONCLUSION

For the reasons set forth above, Defendants Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr.'s Motion to Exclude Plaintiffs' Damages Expert, Donald Davis [Dkt. No. 146] is **GRANTED**. Although the court finds Donald Davis qualified to render an expert opinion, the court determines that his opinion as to damages in this case is unreliable.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 14, 2013
Orangeburg, South Carolina