## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc., ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 5:10-cv-00849-JMC |
| v. ) ) | **OPINION AND ORDER** |
| Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr., ) ) ) ) ) | |
| Defendants/ Third-Party Plaintiffs, ) ) ) | |
| v. ) ) | |
| Zelotis Wofford and Billy Self, ) ) | |
| Third-Party Defendants. ) ) | |

This matter is before the court on Defendants Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc. ("Carolina Fresh") and John A. Fogle, Sr.'s ("Fogle," and collectively "Defendants") Motion for Summary Judgment [Dkt. No. 147]. For the following reasons, the court grants in part and denies in part Defendants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns Plaintiffs The Turfgrass Group, Inc. ("Turfgrass") and University of Georgia Research Foundation, Inc.'s ("UGARF," and collectively "Plaintiffs") claims against Defendants for violation of the Plant Variety Protection Act (the "PVPA"), 7 U.S.C. § 2541, *et seq.*; the Lanham Act, 15 U.S.C. §1125; and for state law breach of contract arising from Turfgrass and Carolina Fresh's agreement for the sale of a certified variety of centipede grass

1

called TifBlair. TifBlair is certified under the PVPA as a distinct variety of centipede grass by the United States Department of Agriculture, Agricultural Research Service (the "USDA"). The USDA issued Plaintiff UGARF a license for TifBlair, which it sublicensed to Turfgrass. Pursuant to the sublicense between UGARF and Turfgrass, Turfgrass is allowed to enter into third-party agreements for the marketing, sale, and use of TifBlair.

In the late 1990s, Turfgrass entered into an agreement with Carolina Fresh that allowed Carolina Fresh to grow, market, and sale TifBlair grass under certain conditions. Those conditions included, *inter alia*, the maintenance of certain certification standards and the payment of royalties. The agreement remained in place until it was terminated by Turfgrass in November 2006.

Plaintiffs contend that, after Turfgrass terminated the agreement, Carolina Fresh sold TifBlair grass in violation of the PVPA, the Lanham Act, and in breach of the provisions governing the termination of the parties' agreement. Currently before the court is Defendants' motion seeking summary judgment in their favor on all causes of action on the grounds that Plaintiffs cannot prevail on the merits of their claims, fail to meet the statute of limitations as to their PVPA and Lanham Act claims, and do not present any reliable evidence of damages.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court

must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

**STATUTE OF LIMITATIONS**

### I. Plant Variety Protection Act

Defendants contend that Plaintiffs' PVPA claims are barred by the statute of limitations because Plaintiffs knew or should have known about the alleged infringement more than one year prior to the filing of this action.

Pursuant to 7 U.S.C. § 2566, "No recovery shall be had for that part of any infringement

committed more than six years (or known to the owner more than one year) prior to the filing of the complaint or counterclaim for infringement in the action." "Ordinarily, whether a cause of action should be barred by the statute of limitations is a mixed question of law and fact to be decided by a jury. '[B]ut where the facts are undisputed, it is for the Court to determine whether they take the case out of the statute or not.'" *Day v. Burnett*, 377 S.E.2d 734, 734 (Ga. App. 1989) (internal citation omitted) (alteration in original).[1]  The facts in this case as related to the statute of limitations issue are undisputed. Accordingly, the court may appropriately determine whether Plaintiffs' PVPA claim is barred by the applicable limitations period.

Here, Defendants put forth several scenarios under which it claims Plaintiffs fail to meet the statute of limitations provided in 7 U.S.C. § 2566. During the hearing on this motion, Defendants argued that Plaintiffs had, at least, constructive knowledge of their claim as early as 2006 based on a letter received from Clemson University and Plaintiffs' alleged admissions of hearing "rumblings" about Defendants' potentially infringing behavior. The letter referenced by Defendants from Clemson University is dated September 22, 2006, more than a month prior to the termination of the licensing agreement. *See* [Dkt. No. 82-1]. Because Plaintiffs' PVPA claim arises out of Defendants' alleged conduct post-termination, the September letter cannot logically provide constructive knowledge for the cause of action pleaded in the Complaint. Defendants further rely on Plaintiffs' own statement that they "heard industry rumblings and "tip-offs" that Defendants were selling TifBlair centipede under the fictitious name 'Carolina Green,'" after the agreement termination in 2006. However, nothing in the statement indicates when these rumblings and tips occurred. Generally, rumors and speculation are insufficient to trigger the

---

[1] The parties have agreed that this case is governed by Georgia law in accordance with the choice of law provision in the licensing agreement between Turfgrass and Carolina Fresh that was terminated in 2006.

4

inquiry requirements for statutory limitations provisions. *See generally*, 58 AM. JUR. 2d *Notice* § 18. Therefore, the court finds that these references are inadequate to support Defendants' claim of Plaintiffs' constructive knowledge of a PVPA violation.

Notwithstanding their arguments at the hearing, in their memoranda in support of this motion, Defendants rely on the transcripts from multiple recorded conversations between investigators working on behalf of Plaintiffs' counsel and Carolina Fresh employees in an attempt to establish Plaintiffs' failure to meet the limitations period for filing their claim.[2] Upon review of the transcripts, the court finds that the earliest date on which Plaintiffs became aware of a possible PVPA violation was October 28, 2007, when a Carolina Fresh employee agreed to sell the investigator TifBlair grass. During the first visit on September 28, 2007, the investigator inquired whether the grass he was purchasing was TifBlair but was told that it was like TifBlair, only better. On October 25, 2007, the investigator conducted a telephone call during which he asked to purchase TifBlair grass. The Carolina Fresh employee informed the investigator that "TifBlair is actually centipede now, and we don't have any centipede." The investigator arranged to purchase one-half pallet of the grass and, just prior to concluding the call with the employee, the investigator asked "and this gonna be, and this is the TifBlair right?" To which the employee responded "Yes sir." Three days later, on October 28, 2008, the investigator called to confirm his order for TifBlair grass. Without qualification, the employee confirmed that the store had his order for TifBlair grass ready for pick-up. *See* [Dkt. No. 155-1]. Plaintiffs filed

---

[2] On May 3, 2011, the court held a hearing in which it sanctioned Plaintiffs for its counsel's clandestine procurement of recordings of Plaintiffs' employees through an investigator. The court prohibited Plaintiffs from utilizing the recordings as evidence in the case or offering testimony about the conversations contained in the recordings. [Dkt. No. 92, at 32-33]. This court finds that reference to the recording transcripts for the limited purpose of evaluating Defendants' statute of limitations claim does not violate the court's previous ruling prohibiting Plaintiffs' use of the recordings as evidence in the case.

this action on October 28, 2009 – exactly one year after the investigator confirmed a purported sale of TifBlair grass by a Carolina Fresh store. Accordingly, the court finds that Plaintiffs' PVPA cause of action is not barred by the statute of limitations set forth in 7 U.S.C. § 2566.

## II.     Lanham Act

Defendants also claim that Plaintiffs' Lanham Act cause of action in barred by the statute of limitations.

"[C]ourts have long held, it is proper to use the analogous state limitations period for Lanham Act suits because the Act provides no express statute of limitations." *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121 (4th Cir. 2011). The Eleventh Circuit has clearly found that the Georgia statute most analogous to the Lanham Act is the Georgia Uniform Deceptive Trade Practices Act. *See Kason Indus. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1204 (11th Cir. 1997) (holding that the UDTPA is the Georgia statute most analogous to the Lanham Act for statute of limitations purposes.) The statute of limitations for the Georgia UDTPA is four (4) years.

It is undisputed that Plaintiffs commenced their Lanham Act claim well within the four-year limitations period. Therefore, the court finds Defendants' argument to be meritless. Accordingly, Defendants are not entitled to summary judgment in their favor on the basis that Plaintiffs failed to file their PVPA and Lanham Act claims within the relevant limitations periods.

## DAMAGES

Defendants further assert that they are entitled to summary judgment because Plaintiffs cannot demonstrate that they have suffered any damages or establish any non-speculative

calculation of their purported damages. Plaintiffs argue that they have established damages through their expert witness, Donald Davis.

"To recover damages in any case, a plaintiff must prove with reasonable certainty the amount of his damages and the cause from which they resulted." *Doral Bank PR v. Fed. Home Loan Mortg. Corp.*, 477 F. App'x 31, 39 (4th Cir. 2012) (internal citation omitted). Where a plaintiff has failed to present appropriate evidence upon which a fact finder could award relief, summary judgment is appropriate. *See Pharmanetics, Inc. v. Aventis Pharm., Inc.*, 182 F. App'x 267, 274 (4th Cir. 2006).

A plaintiff may establish damages under the PVPA by demonstrating the reasonable royalty rate. *See* 7 U.S.C.A. § 2564(a). The Fourth Circuit has further indicated that a reasonable royalty may be properly measured based on the established royalty a patentee has granted in licenses from time to time. *See Marvel Specialty Co., Inc. v. Bell Hosiery Mills, Inc.*, 386 F.2d 287, 290 (4th Cir. 1967). The court may use expert testimony to determine the reasonable royalty rate. *See* 7 U.S.C. § 2564(c). "The Lanham Act entitles a prevailing plaintiff, subject to equitable principles, to damages including: 1) defendant's profits, 2) plaintiff's damages, and 3) the costs of the action." *Tools USA and Equip. Co. v. Champ Frame Straightening Equip., Inc.*, 87 F.3d 654, 662 (4th Cir. 1996) (citing 15 U.S.C. § 1117(a)).

In its Order and Opinion [Dkt. No. 173] on Defendants' Motion to Exclude Plaintiffs' Damages Expert, Donald Davis, this court excluded Plaintiffs' expert witness's opinion testimony as to damages on the basis that his opinion was unreliable. Plaintiffs' 30(b)(6) representative, Kenneth Morrow, indicated that he did not have any calculation for the amount of damages Plaintiffs have allegedly sustained as a result of Defendants' purported infringement.

Aside from their reliance on their expert witness, Plaintiffs have presented the court with no evidence to establish actual damages under the PVPA or the Lanham Act. Therefore the court finds it appropriate to grant Defendants' request for judgment in their favor on actual damages for these claims.

However, "the failure to prove damages does not entitle [Defendants] to summary judgment because 'in every action for breach of contract, even if there is no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.'" *Wood v. Archbold Medical Center, Inc.*, 738 F. Supp. 2d 1298, 1374 (M.D. Ga. 2010) (citing O.C.G.A. § 13-6-6). Consequently, the court may not grant summary judgment in favor of Defendants on Plaintiffs' request for damages as to their breach of contract claim.

The court further notes that Plaintiffs seek injunctive relief in this case, and Defendants have put forth no argument justifying summary judgment as to Plaintiffs' request for equitable relief. To the extent Plaintiffs request such equitable relief, summary judgment cannot be granted in Defendants' favor as to any cause of action because there are genuine issues of material fact concerning liability. *See* Order and Opinion [Dkt. No. 172] on Plaintiffs' Motion for Partial Summary Judgment (identifying several factual disputes preventing summary judgment).

**JOHN FOGLE, SR.**

Defendants request summary judgment in favor of Defendant John Fogle, Sr. on the basis that Plaintiffs have failed to put forth any evidence to support their claim for his individual liability. During the hearing on this motion, Plaintiffs conceded that they did not have any evidence to present to the court on the issue and did not address the issue in their written

response memorandum. Because Plaintiffs have not put forth any evidence to support their claim, the court grants Defendants' motion for summary judgment in favor of John Fogle, Sr.

**UNIVERSITY OF GEORGIA RESEARCH FOUNDATION, INC.**

Defendants assert that UGARF is an improper party to this action because it has no standing to bring the claims in the Complaint against Defendants.

Under the PVPA, "[a]n owner shall have remedy by civil action for infringement of plant variety protection under section 2541 of this title." 7 U.S.C. § 2561. It is undisputed that UGARF is the owner of the certificate and license at issue. Therefore, the court finds that UGARF has standing and may remain a party to this suit.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Defendants Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc. ("Carolina Fresh") and John A. Fogle, Sr.'s ("Fogle," and collectively "Defendants") Motion for Summary Judgment [Dkt. No. 147]. The court grants summary judgment in favor of Defendant John Fogle, Sr. The court further finds that Defendants are entitled to summary judgment on Plaintiffs' claims for actual damages on their causes of action under the Plant Variety Protection Act and the Lanham Act. The court further denies summary judgment as to liability on all claims.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

March 18, 2013
Orangeburg, South Carolina