**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc., ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 5:10-cv-00849-JMC |
| v. ) ) | **OPINION AND ORDER** |
| Carolina Fresh Farms, Inc. and Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc., and John A. Fogle, Sr., ) ) ) ) ) | |
| Defendants/ Third-Party Plaintiffs, ) ) ) | |
| v. ) ) | |
| Zelotis Wofford and Billy Self, ) ) | |
| Third-Party Defendants. ) ) | |

This matter is before the court on Defendant Carolina Fresh Farms, LLC's ("Carolina Farms") Motion In Limine [Dkt. No. 181] seeking the exclusion of evidence related to several of Plaintiffs' claims.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Plaintiffs' The Turfgrass Group, Inc. ("Turfgrass") and University of Georgia Research Foundation, Inc.'s (collectively, "Plaintiffs") claims against Carolina Farms for violation of the Plant Variety Protection Act (the "PVPA"), 7 U.S.C. § 2541, *et seq.*; the Lanham Act, 15 U.S.C. §1125; and for state law breach of contract arising from Turfgrass and Carolina Farms' agreement for the sale of a certified variety of centipede grass called TifBlair.

1

In its Order [Dkt. No. 173], this court granted Carolina Farms' Motion to Exclude Plaintiff's Damages Expert Donald Davis ("Davis") [Dkt. No. 146] on the basis that his opinion regarding actual damages in this case was unreliable. Accordingly, in a subsequent Order [Dkt. No. 174] on Carolina Farms' Motion for Summary Judgment [Dkt. No. 148], the court granted Carolina Farms' motion as to Plaintiffs' claims for actual damages on their causes of action under the PVPA and the Lanham Act. *See Pharmanetics, Inc., v. Aventis Pharmaceuticals, Inc.*, 182 F. App'x 267, 274 (4th Cir. 2006) (finding summary judgment appropriate on claim for "lost sales damages" under the Lanham Act where the only evidence of damages was contained in an expert report that was excluded by the court on the grounds that it was not grounded in the facts of the case and too speculative.) However, the court denied summary judgment as to liability on all claims. Additionally, the court noted that summary judgment was not appropriate on Plaintiffs' request for equitable relief and Plaintiffs' request for damages for their breach of contract claim given their potential ability to recover at least nominal damages to cover the costs of bringing the action. Neither Plaintiffs nor Carolina Farms have asked the court to reconsider its ruling in favor of granting summary judgment to Carolina Farms on the issue of actual damages under the PVPA or the Lanham Act.

Carolina Farms filed a Motion in Limine [Dkt. No. 181] requesting that the court preclude Plaintiffs from "offering, referring, or alluding to, in the jury's presence, opening statements, or at any time during trial, or during closing arguments, either directly or indirectly, 1) evidence related to alleged infringement or recovery under the PVPA; 2) evidence related to alleged infringement or recovery under the Lanham Act; 3) evidence of Plaintiffs' surreptitious investigation, the recordings and any evidence gleaned therefrom except for the grass Plaintiffs purchased from Carolina Farms; and 4) evidence related to actual damages under Plaintiffs'

breach of contract claim. Plaintiffs filed a Response [Dkt. No. 183] to Carolina Farms' Motion in Limine and Defendants filed a Reply in Support of Motion In Limine [Dkt. No. 184].

## DISCUSSION

### I. Evidence Related to Plaintiffs' PVPA Infringement Claim

Carolina Farms argues that, because this court granted its summary judgment motion as to Plaintiffs' claims for actual damages under the PVPA, there is nothing left for a jury to adjudicate on this claim. Plaintiff asserts that the order specifically denied Carolina Farms' motion for summary judgment as to the liability on all claims thereby expressly preserving the issue of liability on Plaintiffs' PVPA claims for trial. Plaintiff asserts that it may introduce evidence of infringement as well as evidence of a reasonable royalty rate and attorney's fees.

The PVPA provides in relevant part: "[u]pon finding an infringement, the court shall award damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the variety by the infringer, together with interest and costs as fixed by the court." 7 U.S.C. § 2564. Additionally, the statute provides that the court or a jury may determine damages and that the court "may receive expert testimony to aid in the determination of damages of what a reasonable royalty would be." 7 U.S.C. § 2564.

While the court's prior ruling granted summary judgment as to Plaintiffs' claims for actual damages based on the royalty rate adjustments calculated by Davis, the statute requires, upon a finding of infringement, that the court award at least a reasonable royalty for the use of the variety by the infringer with interest and costs as fixed by the court. Consistent with this court's prior order excluding the opinion of Plaintiffs' expert, a jury may consider the royalty rate of seven percent (7%) as provided for in the Sublicense Agreement.

Therefore, Defendants' Motion in Limine seeking exclusion of evidence related to Plaintiffs' infringement and recovery under the PVPA is denied. Plaintiffs will be able to introduce evidence related to a reasonable royalty based on the Sublicense Agreement. Plaintiffs will not be permitted to put forward evidence previously excluded with regard to Davis's royalty adjustment calculations, as that evidence was deemed unreliable.

## II. Evidence Related to Lanham Act Violations

Carolina Farms argues that the court has previously granted summary judgment in its favor for actual damages under the Lanham Act and that Plaintiffs have presented no evidence that the alleged trademark infringement is still occurring such that a jury should hear evidence related to Plaintiffs' request for an injunction. Plaintiffs assert that the court ruled as to actual damages alone, but not liability or equitable relief. Therefore, Plaintiffs argue that they should not be precluded from presenting evidence related to (1) Carolina Farms' liability under the Lanham Act; (2) Plaintiffs' entitlement to an award based on Defendants' profits and Plaintiffs' costs for bringing the action; and (3) Plaintiffs' entitlement to injunctive relief.

The Lanham Act provides that, upon establishing a trademark or false advertising violation, "the plaintiff shall be entitled . . . subject to the principles of equity, to recover . . . (1) defendant's profits; (2) any damages sustained by the plaintiff, and (3) the costs of the action. 15 U.S.C. § 1117(a). As the statute makes clear, awards under this section are equitable in nature. *Id*. Further, actual damages need not be present for a party to receive an award of defendants' profits; instead an award based on a defendant's profits may be predicated on a theory of unjust enrichment or deterrence. *See Western Diversified Services, Inc., v. Hyundai Motor America, Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005); *Marshak v. Treadwell*, 595 F.3d 478, 495, (3d Cir. 2009).

Furthermore, the Lanham Act allows the court to award attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). "An exceptional case is one where the infringement is deliberate, willful, fraudulent, or malicious." *Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc.*, 885 F. Supp. 141, 144 (M.D.N.C. 1994), *aff'd*, 87 F.3d 654 (4th Cir. 1996) (internal citations omitted).

Plaintiffs' complaint clearly seeks an award based on Carolina Farms' profits as well as costs and attorney's fees. In its Order [Dkt. No. 174] on Carolina Farms' Motion for Summary Judgment, the court found that because there were genuine issues of material fact as to Carolina Farms' liability, granting summary judgment in favor of Carolina Farms as to Plaintiffs' equitable relief was not appropriate. Therefore, Plaintiffs may introduce evidence in support of their claims for equitable relief to include Carolina Farms' profits, Plaintiffs' requested permanent injunction,[1] and Plaintiffs' request for costs and attorney's fees.

### III. Evidence of Plaintiff's Surreptitious Investigation, the Recordings, and Any Evidence Gleaned Therefrom

Carolina Farms seeks to prevent Plaintiffs from introducing "evidence of an undercover investigation or the fruits of that investigation other than evidence that Plaintiffs purchased grass from Carolina Farms." Carolina Farms bases their request on a decision by a United States District Judge previously assigned to this case, in which the judge found that Plaintiffs' counsel's use of investigators to secretly record Carolina Farms' employees violated Rule 8.4(d) of the

---

[1] Carolina Farms argues that it is inappropriate to grant an injunction based on conduct that allegedly occurred in 2007 and 2008 and is, in any event, not occurring now. Carolina Farms further argues that Plaintiffs will not suffer irreparable harm if an injunction is not issued. The fact that the alleged infringement is not occurring now does not necessarily mean that it will not occur in the future. Additionally, consistent with the court's prior ruling on Defendants' Motion for Summary Judgment [Dkt. No. 174], the court will allow Plaintiffs to present evidence that they will suffer irreparable harm if an injunction is not issued.

South Carolina Rules of Professional Conduct.[2] Instead of dismissing the case entirely or awarding financial sanctions, the judge stated "Plaintiffs' counsel shall not be permitted to utilize the tape recordings as evidence in this action." Hearing Transcript [Dkt. No. 92, at 32]. The judge further ordered that "Plaintiffs be prohibited from offering testimony about the conversations that were contained in the tape recordings" but specifically stated that "other evidence obtained as a result of Plaintiffs' investigations, including, for example, samples of grass that Carolina Farms' employees sold investigators or things of that nature, would be relevant." *Id*.

Given this ruling, Carolina Farms' Motion in Limine is worded too broadly. Upon review of the Judge's oral order and the discussion at the hearing during which the order was pronounced, it is clear that the judge intended to preclude only that evidence that resulted from the recordings, but not other evidence obtained as a result of Plaintiffs' investigation. The court adheres to that ruling. Accordingly, the court will exclude evidence obtained exclusively as a result of the secret recordings, but will allow other evidence obtained as a result of Plaintiffs' investigations.

**IV. Evidence Related To Damages Under a Breach of Contract Action**

Carolina Farms argues that Plaintiffs should not be able to introduce evidence related to economic or actual damages that it has suffered under its breach of contract action because the only damages computation that Plaintiffs have put forward in discovery is the same damages computation given by Plaintiff's expert, Donald Davis, which the court ruled to be unreliable. Plaintiffs assert that Carolina Farms' invoices during the relevant period, together with the

---

[2] Rule 8.4(d) provides: "[I]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Rule 8.4, RPC, Rule 407, SCACR.

Sublicense Agreement, provide an evidentiary basis from which to calculate damages if it is proven that Carolina Farms' sales of centipede were actually sales of TifBlair. Plaintiffs further assert that because these damages are subject to mathematical computation based on sales invoices and the Sublicense Agreement and do not rely on expert testimony, evidence of damages for the breach of contract should be admitted.

Having previously found that there were genuine issues of material fact concerning whether Carolina Farms complied with the terms of the agreement and whether Plaintiffs may recover for sales recorded by Defendants as "TifBlair" only, or also for sales recorded as "centipede" and "Carolina Green," the court will allow Plaintiffs to submit evidence regarding its damages under its breach of contract theory. To address Carolina Farms' concerns that it has not been provided any computation of damages other than the royalty adjustment calculation in Plaintiffs' expert's now-excluded opinion and can only guess as to the damages claimed by Carolina Farms with regard to their breach of contract claim, the court orders Plaintiffs to provide its computation of the damages sought under its breach of contract claim by August 14, 2013.

## CONCLUSION

For the reasons set forth above, Carolina Fresh Farms, LLC's Motion in Limine is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

August 9, 2013
Orangeburg, South Carolina

7